UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KAI LIN
(A-Number: 221-350-852),

        Petitioner,

    v.

WARDEN OF CALIFORNIA CITY
CORRECTION CENTER; MOISES
BECERRA; TODD LYONS; PAMELA
BONDI,

        Respondents.

No.  1:26-cv-02632-KES-EPG

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
BOND HEARING WITHIN TEN DAYS

(Doc. 1)

Kai Lin is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  Petitioner asserts that he has been subjected to prolonged immigration detention in violation of his due process rights.  *See* Doc. 1. For the reasons set forth below, the petition for writ of habeas corpus is granted.

## I.    BACKGROUND

Petitioner is a noncitizen from China.  Doc. 6-1 at 1.  On April 16, 2025, petitioner and his spouse were apprehended by immigration officials at a port of entry.  Doc. 6-1 at 2.  Immigration officials did not take a credible fear statement from petitioner pursuant to the "Securing Our Borders" executive order.  Doc. 6-1 at 2–3.  The government alleges that petitioner was processed for expedited removal pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act.  Doc. 6-1 at 3.  Petitioner was detained at the border and has been in immigration detention

1

for more than 13 months.  Docs. 1, 6-1.  Petitioner asserts that bond was denied on the basis that the immigration court lacked jurisdiction to conduct a bond hearing.  Doc. 1 at 2.  In February 2026, petitioner appealed the immigration judge's adverse credibility determination to the Board of Immigration Appeals ("BIA").  *See* Doc. 1 at 5; Doc. 6-2.

Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order challenging his continued immigration detention as unconstitutional.  *See* Doc. 1.  Respondents filed a response to the motion for temporary restraining order and petition for writ of habeas corpus, arguing that petitioner is an "applicant for admission" and is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b).  Doc. 6.

## II.   DISCUSSION

Petitioner argues that his 13-month detention is prolonged and violates his rights under the due process clause.  Doc. 1 at 6.

8 U.S.C.§§ 1225(b)(1) and (b)(2) authorizes the government to detain certain noncitizens seeking admission into the country.  *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).  Applicants for admission who claim a credible fear of persecution under § 1225(b)(1) "shall be detained for further consideration of the application for asylum."  *Id.* at 297 (quoting § 1225(b)(1)(B)(ii)).  Section 1225(b)(2) applicants for admission "shall be detained for a [removal] proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A).

Although detention is mandatory under 8 U.S.C. § 1225(b), the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."  *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018).  "Nearly all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process."  *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) (quotation marks and citation omitted).

This Court agrees with the numerous other courts that have found that the unreasonably prolonged detention of individuals, such as petitioner, without an individualized bond hearing

violates due process. *See, e.g.*, *Freitez Lopez v. Warden of California City Det. Ctr.*, No. 1:26-cv-1236 KES SAB (HC), 2026 WL 918069 (E.D. Cal. Apr. 3, 2026) (petitioner's detention, under Section 1225(b), for 17 months without bond hearing violated petitioner's due process rights); *Rowe v. Archambeault*, 2026 WL 879487, at *4 (S.D. Cal. Mar. 31, 2026) ("a majority of district courts have found prolonged detention under § 1225(b) without a bond hearing can eventually give rise to due process issues"); *see also Banda*, 385 F. Supp. 3d at 1116–17 (collecting cases).

### A.      Procedural Due Process

To determine whether petitioner's due process rights have been violated, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025); *see also Mohammed v. Warden of California City Det. Ctr.*, No. 1:26-CV-00118-DJC-CSK, 2026 WL 192368, at *2 (E.D. Cal. Jan. 26, 2026)

First, petitioner possesses a liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was detained on April 15, 2025, and he has remained in custody for more than 13 months. *See* Doc. 6-1 at 2. Petitioner has been deprived of the liberty secured by the due process clause—which will continue for an unidentified period pending the outcome of his appeal to the BIA. *See Zadvydas*, 533 U.S. at 690, 693; *Mohammed*, 2026 WL 192368, at *3 (petitioner detained for 17 months under Section 1225(b) had "a clear liberty interest" under the due process clause).

Second, the Court must consider what process is due. *Garcia*, 2025 WL 1927596, at *2; *Mohammed*, 2026 WL 192368, at *2. District courts have taken various approaches to determine at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing. *Doe v. Andrews*, No. 1:25-CV-00333-JLT-HBK (HC), 2026 WL 797694, at *9 (E.D. Cal. Mar. 23, 2026) (collecting cases); *Mohammed*, 2026 WL 192368, at *3 (same). This Court has previously adopted the *Lopez* test to determine whether detention under

Section 1225(b) without a bond hearing violates due process. *See Freitez Lopez*, 2026 WL 918069, at *2 (discussing the applicability of *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022) to detainee held under Section 1225(b)). Under *Lopez*, the Court considers (1) the total length of detention to date, (2) the likely duration of future detention, and (3) the delays in the removal proceedings caused by the petitioner and the government. *Lopez*, 631 F. Supp. 3d at 879.

### 1. Total length of detention

The length of detention "is the most important factor." *Lopez*, 631 F. Supp. 3d at 882 (quoting *Banda*, 385 F. Supp. 3d at 1118). When detention continues beyond a year, "courts become extremely wary of permitting continued custody absent a bond hearing." *Gonzalez v. Bonnar*, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) (quotation marks and citation omitted).

Petitioner has been detained for 13 months. This duration supports finding that his continued detention without a bond hearing violates due process. *See, e.g., Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024) (affirming district court judgment ordering bond hearing for petitioner detained seven months); *R.M. v. Warden of the Golden State Annex ICE Det. Facility*, 2026 WL 836322, at *5 (E.D. Cal. Mar. 26, 2026) (cleaned up) (detention "for nearly twelve months with no end currently in sight" weighed in favor of finding a due process violation); *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."); *see also Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094–95 (S.D. Cal. 2025) (collection cases).

### 2. Likely duration of future detention

The Court must also consider "how long the detention is likely to last." *Lopez*, 631 F. Supp. 3d at 881 (citation omitted). When "removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *Id.* (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020)). Respondents do not identify any end date for petitioner's detention and there is no evidence before the Court suggesting that petitioner's removal proceedings are likely to end soon. Petitioner appealed the immigration judge's adverse credibility determination to the BIA in February 2026 and his

4

continued detention "can last several more months or even years during the adjudication of Petitioner's appeal to the BIA." *Amado*, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025); *see also Banda*, 385 F. Supp. 3d at 1119 (an appeal to the BIA and subsequent judicial review "may take up to two years or longer"). This factor weighs in favor of petitioner.

### 3. Delays in removal proceedings

In evaluating any delays, the "operative question should be whether the alien has been the cause of delayed immigration proceedings and, where the fault is attributable to some entity other than the alien, the factor will weigh in favor of concluding that continued detention without a bond hearing is unreasonable." *Doe v. Andrews*, 2025 WL 2590392, at *8 (E.D. Cal. Sept.8, 2025) (citation omitted). Petitioner appealed the immigration judge's adverse credibility determination to the BIA. Petitioner's appeal appears to have been timely and there is no allegation that it was made in bad faith. Respondents do not argue that petitioner caused any delay and there is no information before the Court suggesting that any delay in petitioner's removal proceedings is attributable to petitioner. *See Andrews*, 2026 WL 797694, at *11–12 (E.D. Cal. Mar. 23, 2026) (an appeal to the BIA is "an appropriate remedial avenue" for petitioner seeking asylum). Accordingly, this factor is neutral.

### 4. Weighing the Factors

Both the length of detention and the likely duration of future detention weigh in favor of finding that petitioner's continued detention without a bond hearing violates due process. The third *Lopez* factor is neutral. The Court concludes that petitioner's detention without a bond hearing has become unreasonably prolonged in violation of the due process clause.

### B. Remedy

The Court finds the appropriate remedy is a prompt and individualized bond hearing before a neutral decisionmaker. *See Lopez*, 631 F. Supp. 3d at 882; *Banda*, 385 F. Supp. 3d at 1120–21. While the government has a strong interest in enforcing immigration laws, ensuring the presence of noncitizens at their removal proceedings, and protecting the public from danger, the governmental interest at stake is not the detention itself, but rather "the government's ability to detain [petitioner] *without a bond hearing*." *Lopez*, 631 F. Supp. 3d at 882 (emphasis in original,

citation omitted).  At the hearing, the government must establish by clear and convincing evidence that petitioner is a flight risk or a danger to the community to justify denial of release on bond. *Lopez*, 631 F. Supp. 3d at 882; *Banda*, 385 F. Supp. 3d at 1107; *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343, at *9 (E.D. Cal. July 25, 2025).

## IV.   CONCLUSION

For the reasons set forth above:

1.   The petition for writ of habeas corpus is granted.

2.   Respondents are ORDERED to provide petitioner, within ten (10) days of this Order, a constitutionally-adequate bond hearing before a neutral decisionmaker. At this hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight to justify petitioner's continued detention.  Petitioner shall be allowed to have counsel present.  In the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond, the immigration judge shall consider petitioner's financial circumstances and alternative conditions of release.

3.   The Clerk of Court is directed to terminate other pending matters, enter judgment in favor of petitioner and against the respondents, and close this case.

IT IS SO ORDERED.

Dated:   May 20, 2026

UNITED STATES DISTRICT JUDGE

6